UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ELMORE MURRAY,

                              Plaintiff,

        -against-

CITY OF NEW YORK, and OFFICE OF THE
BRONX DISTRICT ATTORNEY,

                            Defendants.
------------------------------------------------------------------ x

**STIPULATION AND PROTECTIVE ORDER**

No. 23-CV-10031 (PAE)

        **WHEREAS**, Plaintiff may seek certain documents and information from Defendants City of New York and Office of the Bronx District Attorney in discovery in this action, which Defendants deem to be confidential ("Confidential Information"); and

        **WHEREAS**, Defendants would object to the production of those documents and information unless appropriate protection for their confidentiality is assured.

        **IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES AND ORDERED THAT:**

        1. As used herein, "Confidential Materials" shall mean all documents provided to Plaintiff by Defendants' counsel concerning current or former employees of the City of New York and/or the Office of the Bronx District Attorney and all documents concerning current or former employees of the City of New York and the Office of the Bronx District Attorney which are contained in the personnel, time and attendance, performance evaluation, disciplinary, labor relations, Equal Employment Opportunity ("EEO") or medical, physical and computerized files of the Defendants, and the information contained therein, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that

they are (a) obtained by Plaintiff from sources other than Defendants or Defendants' representatives or agents, or (b) are otherwise publicly available.

2. Neither Plaintiff nor her attorney shall use the Confidential Materials for any purpose other than for the preparation or presentation of her case in this action and/or any appeal thereof.

3. Neither Plaintiff nor her attorney shall disclose the Confidential Materials to any person except under the following conditions:

   (a) Disclosure may be made only if necessary to the preparation or presentation of Plaintiff's case in this action.

   (b) Disclosure before trial may be made only to an expert who has been retained or specially employed by Plaintiff in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   (c) Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), Plaintiff shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by Plaintiff and a copy shall be furnished to Defendants' attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony,

together with any exhibits which contain Confidential Materials referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. If any paper which incorporates Confidential Materials or reveals the contents thereof is filed in this Court, the parties hereto may apply to the Court to seal those portions of the papers. Upon obtaining leave of the Court to file documents under seal, the Confidential Materials will be filed in accordance with the Court's procedures for E-filing sealed documents in civil cases.

6. However, where the confidential information contained in a document is not material to issues addressed in Court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents.

7. Within thirty (30) days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be destroyed by Plaintiff.

8. Nothing in this Stipulation and Protective Order shall be construed to limit any party's use of the Confidential Materials in any manner.

9. A facsimile or electronic signature on this Stipulation and Protective Order shall have the same effect as an original signature.

Dated:  New York, New York
        January 30, 2025

| | |
|---|---|
| **MURRAY PLUMB & MURRAY**<br>Justin S. Clark<br>Attorney for Plaintiff<br>75 Pearl Street, Suite 300<br>Portland, ME 04104<br>(207) 523-8290<br>jclark@mpmlaw.com<br><br>By: ___/s/ Justin S. Clark/___<br>Justin S. Clark, Esq. | **MURIEL GOODE-TRUFANT**<br>Corporation Counsel of the<br>  City of New York<br>Attorney for Defendants<br>100 Church Street, Room 2-109(b)<br>New York, New York 10007<br>(212) 356-2286<br>bweisman@law.nyc.gov<br><br>By: ___/s/ *Brandon Weisman*___<br>Brandon Weisman<br>Assistant Corporation Counsel |

**SO ORDERED:**

___3/12/2025___                        ___Paul A. Engelmayer___
Date                                    Paul A. Engelmayer

4